UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARIO ESCOBEDO-GONZALEZ, | Case No. 2:15-CV-1687 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| JOHN KERRY, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Mario Escobedo-Gonzalez's motion for summary judgment. (ECF No. 18). Defendant Secretary of the Department of State John Kerry (the "government") filed a response (ECF No. 22), to which Escobedo replied (ECF No. 25).

**I.     Facts**

This case is about the Department of State's ("DOS") denying Escobedo a passport on the grounds that he did not provide the requested evidence to show that he is a U.S. citizen. On January 23, 1987, the United States Department of Justice, through the Immigration and Nationalization Service ("INS"), began removal proceedings against Escobedo. (ECF No. 13). The INS argued that Escobedo was born in Mexico and not in Cameron County, Texas, as reported in his birth certificate. (ECF No. 13). The INS received evidence that the nurse who signed Escobedo's birth certificate was not actually present during his birth. (ECF No. 18-3). The immigration judge ruled in favor of Escobedo finding that INS failed to satisfy its burden to prove, by clear and convincing evidence, that he was a deportable foreign national.[1] (ECF No. 18-3).

---

[1] The immigration judge also found, in dicta, that Escobedo had proven that he was a citizen. The immigration judge stated:

After this ruling, Escobedo applied for a passport with the DOS. (ECF No. 13). The DOS approved Escobedo's application and issued him a passport on July 21, 1995. (ECF No. 18-4). Escobedo applied to renew his passport on March 28, 2005, and the DOS issued his renewal on April 13, 2005. (ECF No. 18-4).

On April 7, 2015, Escobedo applied for his second passport renewal. (ECF No. 18-4). On May 7, 2015, the DOS requested Escobedo's certified birth certificate to prove his citizenship because the evidence had surfaced that the midwife who signed Escobedo's birth certificate was not present at his birth. (ECF No. 18). Escobedo, through his counsel, responded with a letter and attached the immigration judge's opinion which had resolved the issues that the DOS was concerned with during a removal proceeding. (ECF No. 18-5). The DOS responded with an additional letter again requesting Escobedo's birth certificate, or other documentation to prove that Escobedo was born in the United States, to which Escobedo did not respond. (ECF No. 18-5). Two months later, the DOS denied Escobedo's renewal request because Escobedo did not provide his birth certificate, and because the DOS did not believe that Escobedo had proven his citizenship by a preponderance of the evidence. (ECF No. 18-5).

Escobedo filed the underlying complaint alleging that the DOS's actions in denying his passport renewal violates 8 U.S.C. § 1503 and asks the court to declare under 28 U.S.C § 2201 that Escobedo is a U.S. citizen. (ECF No. 13).

In the instant motion, Escobedo moves for summary judgement on that claim. (ECF No. 18).

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a

---

> I have no doubt, whatsoever, as to the respondent's birth in the United States. It is not the burden of the respondent to prove that he was born in the United States, but he has done so in this case by clear, convincing, and completely unequivocal evidence. I conclude, therefore, that since the evidence in this case establishes, without a doubt, that the respondent was born in Brownsville, Texas, in the United States, that he is a citizen of the United States by birth, and that these proceedings must and should be terminated. (ECF No. 18-3 at 14).

judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III. Discussion**

**A. Genuine issues exist precluding summary judgment in favor of Escobedo on his 8 U.S.C. § 1503 claim.**

A plaintiff can bring a claim under 8 U.S.C. § 1503 if he "is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency." 8 U.S.C. § 1503(a). Once a plaintiff is denied a right or privilege that he is entitled to, he may then sue for a judgment by the court "declaring him to be a national of the United States." *Id.*

To succeed on a § 1503 claim, a plaintiff must prove, by a preponderance of the evidence, that he is a citizen of the United States. *Yu Tung Gay v. Rusk*, 290 F.2d 630, 631 (9th Cir. 1961). Further, a plaintiff can solely use evidence that is undisputed to establish his citizenship by a preponderance of the evidence for the purposes of summary judgement. *See Lujan*, 497 U.S. at 888.

Further, the court reviews a § 1503 claim *de novo*. *Richards v. Secretary of State*, 752 F.2d 1413, 1417 (9th Cir. 1985). Thus, the court need not give traditional deference to the administrative agencies regarding a plaintiff's citizenship status under 8 U.S.C. § 1503. *See id.*

James C. Mahan
U.S. District Judge

- 4 -

Here, the court cannot grant summary judgment because there is a genuine issue of material fact—namely, where Escobedo was born.

Escobedo argues that the DOS wrongfully denied his application to renew his passport because he is a U.S. citizen and because the immigration judge found the same. Escobedo thus requests that the court declare him a U.S. citizen pursuant to § 1503. Escobedo has provided several pieces of evidence in support of his claim. First, Escobedo provides a photocopy of his birth certificate, which shows that he was born in Cameroon County, Texas. (ECF No. 18-1). Second, Escobedo provides a photocopy of his handwritten birth certificate that was signed by the midwife who allegedly attended his birth. (ECF No. 18-1). Third, Escobedo provides an immigration judges decision from his removal proceedings, in which the immigration judge stated, in dicta, that he is a citizen. (ECF No. 18-1).

In response, the DOS argues that Escobedo's birth certificate is fake and that he was born in Mexico. In support, the DOS includes a copy of Escobedo's birth certificate from Mexico (ECF No. 22-1) and a copy of a notice from the Texas bureau of vital statistics that states that the midwife who signed Escobedo's birth certificate, testified under oath that she did not actually attend Escobedo's birth. (ECF No. 22-2).

Under 22 C.F.R. § 51.42–.43 a citizen can prove his citizenship in one of two ways. First, if he was born in the U.S., the citizen can prove his citizenship by providing a birth certificate or secondary evidence of his birth in the U.S. (such as baptismal certificates, hospital records, school records, etc.). 22 C.F.R. § 51.42. Second, if the citizen was born outside of the U.S., then he must provide documentation of his naturalization. 22 C.F.R. § 51.42. Here, Escobedo provided a birth certificate, which is usually enough to prove his birthright citizenship by a preponderance of the evidence.

While Escobedo has provided sufficient evidence to show, by a preponderance of the evidence, that he is a U.S. citizen, the government has raised a genuine issue for trial by providing evidence that calls into question the legitimacy of Escobedo's U.S. birth certificate. Thus, a genuine issue exists precluding summary judgment in Escobedo's favor.

**B. The immigration judge's prior decision regarding Escobedo's citizenship does not bar this court from adjudicating this issue under the doctrine of collateral estoppel.**

Escobedo further argues that the immigration judge has already decided the instant issue and declared him a U.S. citizen. Escobedo thus maintains that collateral estoppel applies and the court is precluded from relitigating the issue of his citizenship and must declare him a citizen. (ECF No. 18)

In response, the government contends that this court is not barred from relitigating this issue because the elements of collateral estoppel are not met. (ECF No. 22). Further, the government argues that collateral estoppel does not apply to agency decisions unless the statute specifically mentions the doctrine. (ECF No. 22).

The Supreme Court has held that the doctrine of collateral estoppel generally applies to agency decisions. *See, e.g.*, *B & B Hardware, Inc. v. Hargas Indus., Inc.*, 135 S. Ct 1293, 1303 (2015). Supreme Court precedent "makes clear that issue preclusion is not limited to those situations in which the same issue is before two courts. Rather, where a single issue is before a court and an administrative agency, preclusion also often applies." *Id.*

Further, the Ninth Circuit upheld this reasoning with regard to the Immigration and Nationality Act (INA) and has held that removal proceedings are subject to collateral estoppel. *See, e.g.*, *Belayneh v. I.N.S.*, 213 F.3d 488, 491 (9th Cir. 2000); *Ramon-Sepulveda v. I.N.S.*, 824 F.2d 749, 750 (9th Cir. 1985).

Under the INA, the attorney general is charged with making the legal determination as to who is and is not a citizen in the context of removal proceedings. *See* 8 U.S.C. § 1252(a)(5) (the attorney general can commence removal proceeding to which the party who is subject to removal can raise a defense that he is a citizen, if the immigration judge rejects this defense, then the party can appeal to the federal courts); *see also Negusie v. Holder*, 555 U.S. 511, 516–17 (2009) (finding that "Congress has charged the Attorney General with administering the INA, and a 'ruling by the Attorney General with respect to all questions of law shall be controlling'") (citation omitted). The attorney general has the ability to delegate that authority to immigration judges, who act as agents

to the attorney general, in making these citizenship determinations during removal proceedings. *See* 8 C.F.R. § 1003.10.

However, the extent of the attorney general's power under the INA in the context of removal proceedings is to determine whether the government has enough evidence to deport the party in question. *See* 8 U.S.C. § 1252. While a party can raise a defense of citizenship in the context of a deportation proceeding, if this defense is successful it halts the proceeding, and the district or appellate court is left to make a citizenship determination. *See* 8 U.S.C. § 1252(b)(5)(C) ("The petitioner may have such nationality claim decided only as provided in this paragraph"); *see also Chau v. I.N.S*, 247 F.3d 1026, 1027–28 (9th Cir. 2001). If the party utilizes a citizenship defense, and the immigration judge rules against him, then the party can appeal to the district court after exhausting his administrative remedies, but "if the immigration judge accepts the citizenship defense, [the immigration judge] terminates the removal proceedings *without deciding citizenship*." *Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 396–97 (5th Cir. 2007) (emphasis added) (citing *Chau*, 247 F.3d at 1027–28). Thus, a successful citizenship defense just halts the immigration proceeding and does not determine citizenship for the party in question.

If a party wishes to affirmatively prove his citizenship through the attorney general, he must do so by filing an application for citizenship under 8 U.S.C. § 1452(a). Under this procedure, the attorney general will issue a certificate of citizenship if he is satisfied with the proof presented. *See* 8 U.S.C. § 1452(a). If the party's application for citizenship is denied, and the party exhausted his administrative remedies, then the party can sue for a declaration of citizenship under 8 U.S.C. § 1503(a). Therefore, the sole administrative method of affirmatively proving one's citizenship is under 8 U.S.C. § 1452(a).

Thus, collateral estoppel does not apply to 8 U.S.C. § 1503(a) claims when the administrative agency evaluated a party's citizenship defense during a removal proceeding, as here, because the elements of collateral estoppel are not met. Collateral estoppel has three elements: (1) the issues that would be litigated are "sufficiently similar" and "sufficiently material" to what was litigated previously; (2) a determination as to whether the issue was actually litigated

in the other adjudicatory body; and (3) a determination as to whether the issue was actually decided by the other adjudicatory body. *United States. v. Castillo-Basa*, 483 F.3d 890, 897 (9th Cir. 2007).

Here, none of these elements are met, and collateral estoppel therefore does not apply. First, during Escobedo's removal proceeding, the immigration judge was evaluating whether the *government* had enough evidence to prove that Escobedo was a *foreign national* by clear, convincing, and unequivocal evidence. (ECF No. 18-3). During an administrative proceeding under 8 U.S.C. § 1452(a), *the party* has the burden of proving that he is a *U.S. citizen* to the attorney general's satisfaction. During this proceeding, *Escobedo* has the burden of proving that he is a *U.S. citizen* by a preponderance of the evidence. These shifting burdens and standards of proof show that the issue is not significantly similar to what was litigated previously. *See Peterson v. Clark Leasing Corp.*, 451 F.2d 1291, 1292 (9th Cir. 1971) (finding that "issues are not identical if the second action involves application of a different legal standard, even though the factual setting of both suits be the same").

Second, the issue of Escobedo's citizenship was not actually litigated before the immigration judge. The issue that was litigated before the immigration judge was whether the government provided enough evidence to justify Escobedo's deportation. (ECF No. 18-3). While the immigration judge considered Escobedo's citizenship as a defense to the government's claim, Escobedo was not required to prove his citizenship by any legal standard. Therefore, Escobedo's citizenship was not fully litigated.

Third, while the immigration judge, in dicta, decided that Escobedo had proven his citizenship by clear, convincing, and completely unequivocal evidence, (ECF No. 18-3), it was not in the immigration judge's power during a removal proceeding to decide Escobedo's citizenship. As mentioned above, only courts can decided citizenship claims on appeal from deportation proceedings. *See* 8 U.S.C. § 1252(b)(5). If Escobedo wanted to prove his citizenship through the attorney general, he should have filled an application for citizenship under 8 U.S.C. § 1452(a). Thus, the immigration judge solely decided whether the government could provide enough evidence to remove Escobedo and not whether Escobedo proved he was a citizen.

Therefore, since collateral estoppel does not bar the court from adjudicating Escobedo's 8 U.S.C. § 1503(a) claim, and since there are genuine issues of material fact surrounding Escobedo's birthplace, the court will deny Escobedo's motion for summary judgment.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Escobedo's motion for summary judgment (ECF No. 18) be, and the same hereby is, DENIED.

DATED April 20, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**