UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARIO ESCOBEDO-GONZALEZ,<br><br>Plaintiff(s),<br><br>v.<br><br>JOHN KERRY, et al.,<br><br>Defendant(s). | Case No. 2:15-CV-1687 JCM (PAL) |

**AMENDED ORDER**[1]

Presently before the court is plaintiff's motion to reconsider and request for oral argument. (ECF No. 28). The government responded (ECF No. 30) to which plaintiff replied (ECF No. 33).

Also before the court is the government's motion to reconsider (ECF No. 32). The plaintiff responded (ECF No. 34) to which the government replied (ECF No. 39).

**I.    Facts**

On January 23, 1987, the United States Department of Justice, through the Immigration and Nationalization Service ("INS"), began removal proceedings against Mario Escobedo-Gonzalez ("plaintiff"). (ECF No. 13). The INS argued that plaintiff was born in Mexico and not in Cameron County, Texas, as reported in his birth certificate. (ECF No. 13). The INS claims it received evidence that the midwife who signed plaintiff's birth certificate was not actually present during his birth. (ECF No. 18-3). However, the immigration judge ruled in plaintiff's favor,

---

[1] This amended order corrects two typographical errors in the original order. (ECF No. 48). There are no substantive changes.

**James C. Mahan**
**U.S. District Judge**

finding that INS failed to satisfy its burden to prove, by clear and convincing evidence, that he was a deportable foreign national.[2] (ECF No. 18-3).

After this ruling, plaintiff applied for a passport with the Department of State ("DOS"). (ECF No. 13). DOS approved plaintiff's application and issued him a passport on July 21, 1995. (ECF No. 18-4). Plaintiff applied to renew his passport on March 28, 2005, and DOS issued his renewal on April 13, 2005. (ECF No. 18-4).

On April 7, 2015, plaintiff applied for his second passport renewal. (ECF No. 18-4). On May 7, 2015, DOS requested plaintiff's certified birth certificate to prove his citizenship because, as DOS claims, evidence had surfaced that the midwife who signed his birth certificate was not present at his birth. (ECF No. 18). Plaintiff, through counsel, responded with a letter and attached the immigration judge's opinion which, plaintiff submitted, had resolved the issues with which DOS was concerned. (ECF No. 18-5). DOS responded with an additional letter again requesting plaintiff's birth certificate, or other documentation to prove that plaintiff was born in the United States. (ECF No. 18-5). Plaintiff did not respond. (ECF No. 18-5). Two months later, DOS denied plaintiff's renewal request because plaintiff did not provide his birth certificate, and because DOS did not believe that plaintiff had proven his citizenship by a preponderance of the evidence. (ECF No. 18-5).

Plaintiff's amended complaint alleges that DOS wrongfully denied his passport renewal and asks this court to declare him a United States citizen pursuant to this court's authority to do so under 8 U.S.C. § 1503 and 28 U.S.C § 2201. (ECF No. 13).

On April 20, 2017, the court denied plaintiff's motion for summary judgment. (ECF No. 26). Plaintiff subsequently filed a motion for reconsideration and request for oral argument. (ECF No. 28). Government filed a cross-motion for reconsideration. (ECF No. 32).

**II.     Legal Standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

---

[2] The immigration judge stated in dicta that plaintiff had proven that he was a citizen. (ECF No. 18-3 at 14).

James C. Mahan
U.S. District Judge

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); LR 59-1. A motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters., Inc.*, 229 F.3d at 890.

### III. Discussion

#### A. Plaintiff's motion for reconsideration

In plaintiff's motion for reconsideration, he raises the following five arguments: (1) "8 U.S.C. § 1252(b)(5)(C) does not apply to the plaintiff"; (2) "the *Chau v. I.N.S.* case does not apply to the facts of this case"; (3) 8 U.S.C. § 1452(a) does not apply to plaintiff; (4) "issue preclusion is fully applicable"; and (5) the court should reverse its order (ECF No. 26) based on newly discovered evidence. (ECF Nos. 28, 33 at 3–7).

##### 1. 8 U.S.C. § 1252(b)(5)(C)

First, plaintiff asserts that "this court's reliance on 8 U.S.C. 1252 is completely misplaced because § 1252 deals with orders of removal and plaintiff never received an order of removal." (ECF No. 28 at 3). However, the court merely discussed § 1252 as one way, not the only way, that a "party can raise a defense of citizenship." (ECF No. 26 at 7). This is was not "clear error" that would justify a motion for reconsideration. *See Kona Enters., Inc.*, 229 F.3d at 890. Moreover, even if plaintiff were correct, this point alone would not earn him summary judgment.

##### 2. *Chau v. I.N.S.*

Second, plaintiff asserts that the court erroneously quoted or cited *Chau v. I.N.S.*, 247 F.3d 1026 (9th Cir. 2001) for part of its holding. (ECF No. 28 at 4). But the court did not quote *Chau*, it quoted *Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 396–97 (5th Cir. 2007), and simply noted that *Rios-Valenzuela* cites *Chau* after the sentence that this court quoted. (ECF No. 26 at 7) ("*Rios-Valenzuela* . . . (citing *Chau*, 247, F.3d at 1027–28)"). *Rios-Valenzuela* simply

cites *Chau* in a footnote at the end of the quote that this court included in its order.[3] Not only was this not "clear error" warranting reconsideration, it was not error at all. *See Kona Enters., Inc.*, 229 F.3d at 890.

The only nuance *Chau* adds to the issue of collateral estoppel or issue preclusion here is its holding that an immigration court is not to decide citizenship when genuine issues of material fact about citizenship exist. *Chau v. I.N.S.*, 247 F.3d 1026, 1029 (9th Cir. 2001) ("If the petitioner claims to be a United States citizen and the record presents a genuine issue of material fact as to the petitioner's nationality, the reviewing court must transfer the proceeding to a district court for a *de novo* determination."); *see also* 8 U.S.C. § 1252(b)(5).

As this court has noted before and notes here again, genuine issues of material fact exist regarding citizenship, and therefore, it was error for the immigration court to decide the matter and its decision is non-binding. Whether or not the immigration court itself realized that there were genuine issues of material fact to resolve is immaterial—this court holds that there were.[4]

### 3. 8 U.S.C. § 1452(a)

Third, plaintiff asserts that 8 U.S.C. § 1452(a) does not apply to him because he is not claiming derivative citizenship, rather, he claims he is a citizen by natural birth in Texas. (ECF No. 28 at 6). The court previously held that "[i]f a party wishes to affirmatively prove his citizenship through the attorney general, he must do so by filing an application for citizenship under 8 U.S.C. § 1452(a). (ECF No. 26 at 7). Further, the court stated that "if the party's application for citizenship is denied, and the party exhausted his administrative remedies, then the party can sue for a declaration of citizenship under 8 U.S.C. § 1503(a)." (ECF No. 26 at 7).

On this issue, plaintiff is correct and the court erred in its prior order. The plain language of § 1452 indicates to whom it applies: "a person who claims to have **derived** United States citizenship . . . ." 8 U.S.C. § 1452 (emphasis added). Therefore, plaintiff is correct that 8 U.S.C.

---

[3] In its entirety, the footnote reads: *See Ng Fung Ho v. White*, 259 U.S. 276, 284, 42 S. Ct. 492, 66 L. Ed. 938 (1922); *Chau v. INS*, 247 F.3d 1026, 1027-28 (9th Cir. 2001).

[4] Much of the immigration court's decision relied on findings of credibility and a rejection of the government's evidence. Thus, the immigration court's decision constituted a *resolution* of genuine issues of material fact, not a determination that no genuine issue existed. Regardless, this court now holds that genuine issues of material fact did exist then and still exist now.

§ 1452(a) does not apply to him, as it applies only to those seeking to prove *derivative* citizenship. To the extent that this court's prior order can be read to imply that a party claiming to be a natural-born citizen can and must rely on 8 U.S.C. § 1452(a) to seek a declaration of citizenship, this was error. 8 U.S.C. § 1452(a) does not apply to those claiming to be natural-born citizens.

Nonetheless, any error was harmless as to the motion for summary judgment. Regardless of the applicability of 8 U.S.C. § 1452(a), plaintiff has still not conclusively demonstrated, after construing all reasonable inferences in the record in favor of the government, that there are no genuine issues of material fact and that he was born in the United States by a preponderance of the evidence. Although the court recognizes that 8 U.S.C. § 1452(a) is not an obstacle to his ability to prove his citizenship, he still must prove that he is a citizen. Genuine issues of fact remain with this question.

### 4. Issue preclusion

Fourth, plaintiff re-asserts his argument that issue preclusion applies and that "defendants may not relitigate these issues and are barred from contesting the plaintiff's U.S. citizenship by the doctrine of collateral estoppel." (ECF No. 28 at 10). To succeed with a motion for reconsideration, a party must demonstrate one of three things: (1) newly discovered evidence; (2) that the court committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *School Dist. No. 1J*, 5 F.3d at 1263; LR 59-1. These are the only arguments permissible on reconsideration. One must not repeat old arguments: "Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1(b) (emphasis added). And one must not conjure up new arguments other than the three permissible arguments permissible on reconsideration. *See Kona Enters., Inc.*, 229 F.3d at 890.

Plaintiff presents the same argument he raised in his motion for summary judgment—collateral estoppel applies. He also argues—as he has before—that he is a citizen by birthright. As plaintiff made these arguments before, they are inappropriate for reoncisderation.

Plaintiff further argues that this court must defer to the attorney general's determinations of citizenship, which includes an immigration court's determination. This is an argument plaintiff made in passing before. (ECF No. 18-1 at 14). But to the extent that it is a new argument, it has no bearing on reconsideration. *Kona Enters., Inc.*, 229 F.3d at 890.

Even if this court generously construed plaintiff's arguments as arguments that the court committed "clear error" or "manifest injustice," plaintiff's arguments still fail because this court's original decision on collateral estoppel was correct. In general, a prior determination of fact or law in another tribunal will bind this court only if the prior court considered the issues under the same legal standard that applies here: "relitigation of an issue is not precluded unless the facts *and the legal standard* used to assess them are the same in both proceedings." *Amrollah v. Napolitano*, 710 F.3d 568, 571 (5th Cir. 2013) (quoting *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005) (en banc)). The legal standard in this case is quite different—indeed, almost the opposite—from that applicable to the immigration proceeding.

8 U.S.C. § 1503 and 28 U.S.C. § 2201 govern this proceeding. This court will declare plaintiff a United States citizen only if he proves by a preponderance of the evidence that he is, in fact, a citizen of the United States. *Yu Tang Gay v. Rusk*, 290 F.2d 630, 631 (9th Cir. 1961).

In plaintiff's immigration removal proceeding, however, the burden was flipped. The immigration court was only to decide whether the *government* had proven by clear and convincing evidence that plaintiff was *not* a United States citizen—indeed, plaintiff did not need to affirmatively prove that he was a United States citizen by any standard, as he must here.

Moreover, the immigration court was simply barred from deciding the citizenship of the respondent because a genuine issue of material fact existed (and exists now) over the question of plaintiff's citizenship. While a party can raise a defense of citizenship in the context of a removal proceeding, "if the immigration judge accepts the citizenship defense, [the immigration judge] terminates the removal proceedings *without deciding citizenship*." *Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 396–97 (5th Cir. 2007).

Therefore, collateral estoppel does not apply here for multiple reasons: this court is applying a different standard to the questions at hand than the immigration court did, and the

immigration court's determination of citizenship was not necessary to the resolution of the issue before it (indeed, it was barred from making that determination). The immigration judge did not need to find by a preponderance of evidence that plaintiff was born in the United States in order to determine that the government had failed to prove by clear and convincing evidence that he was born in Mexico; the immigration judge needed only to be unconvinced by the government's evidence. Here, on the other hand, plaintiff must affirmatively prove he is a United States citizen by a preponderance of evidence.

Therefore, to be abundantly clear about the meaning of this order, the questions of plaintiff's citizenship and place of birth are open for this court to decide upon an independent presentation of evidence to this court, and this court will not rely on the immigration judge's answers to those questions.

**5. Newly discovered evidence**

Plaintiff—for the first time in his reply to his reconsideration motion—urges the court to reverse its order because "defendant relied on inaccurate information when it opposed plaintiff's motion for summary judgment." (ECF No. 33 at 3). Plaintiff alleges that the government was aware of an April 15, 2016 report by the Texas Office of Inspector General that concluded "the allegations the midwife filed an alleged fraudulent Texas Certificate of Birth is unsubstantiated" and thus was aware of this fact when the government wrote its opposition to summary judgment. (ECF No. 33 at 6); (ECF No. 33-5 at 3).

A motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters., Inc.*, 229 F.3d at 890. Plaintiff's reply is the first time he mentions these alleged facts and their implications. (ECF No. 33). Further, he has not convinced the court that the purported "new" evidence was unavailable to him at the time of the original motions for summary judgment or that it was not readily discoverable.

Plaintiff argues that the report was published on April 15, 2016, and therefore, the government was aware of the report before it filed its response on October 3, 2016. However, simply because the report was generated before the government submitted its response does not

prove that the government was actually aware of it. Further, plaintiff claims that he did not personally receive a copy of this document until July 1, 2017, and the same day, sent it to the government. (ECF No. 33 at 3). This was long after the government responded to plaintiff's motion for summary judgment. Further, that date cannot be correct because it falls a month after plaintiff filed his reply in the instant matter in which he discusses this very report. (ECF No. 33). In other words, plaintiff discussed this report a month before he purportedly received it. (ECF No. 33). Plaintiff must have received this evidence sometime before, but has not accurately told the court when. Whatever the case, plaintiff has not convinced this court that this information was unavailable to him or not readily discoverable when he filed his September 8, 2016 motion for summary judgment. (ECF No. 18).

Even if the "July 1, 2017" was a typographical error, and plaintiff meant to write "July 1, 2016," (*see* ECF No. 4), that only furthers the conclusion that this information was available or readily discoverable before plaintiff filed his September 8, 2016 motion for summary judgment. (ECF No. 18).

Accordingly, plaintiff has not shown that the new evidence was unavailable to him or was not readily discoverable at the time he filed is motion for summary judgment. *Kona Enters., Inc.*, 229 F.3d at 890.

And regardless, even if this court considered this new evidence, genuine issues of material fact exist regarding plaintiff's citizenship because, among other things, there exists a Mexican birth certificate in the record that conflicts with plaintiff's United States birth certificate. Although plaintiff has provided an explanation for this conflict—as has the government—whether this court will accept one explanation over the other remains a genuine issue of material fact for trial.

### 6. Conclusion of plaintiff's motion for reconsideration

Therefore, the court will deny plaintiff's motion for reconsideration because he failed to show why the court should grant his motion.

### B. The government's counter-motion for reconsideration

The government's cross-motion for reconsideration urges the court to grant summary judgment for the defense and to dismiss plaintiff's case in its entirety. *See* (ECF No. 32). The

government asserts that it is entitled to relief because "plaintiff has established no evidence to rebut the presumption that he was born in Mexico." (ECF No. 32 at 9). However, this argument is not actually a motion for reconsideration, but is instead a late-filed motion for summary judgment. (*See* ECF No. 17 at 2). A review of the docket shows that the government has never moved for summary judgment before in this case, despite its claims to the contrary in the instant "cross-motion for reconsideration." The government's "opposition to plaintiff's motion for summary judgment" was not a motion or counter-motion for summary judgment, despite the fact that it asked the court to grant summary judgment in the government's favor, but was instead simply a response to plaintiff's motion for summary judgment. (ECF No. 22). Here is why.

First, the document was not titled a motion or countermotion for summary judgment, it was titled only "Defendants' opposition to plaintiff's motion for summary judgment." *Id.* The request for summary judgment was buried within the text of the brief, where the government explains why it is entitled to summary judgment. But it never actually filed a motion asking for that relief.

Second, more importantly, even if the document *had* styled itself an "opposition *and* countermotion for summary judgment," the court would have rejected the countermotion nonetheless. In the federal district of Nevada,

> For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document. Examples: (i) separate documents must be filed for a response to a motion and a countermotion, with the appropriate event selected for each document, rather than filing a response and a countermotion in one document; (ii) separate documents must be filed for a motion to dismiss and a motion to sever, rather than filing a motion to dismiss and to sever in one document.

LR IC 2-2(b). Therefore, the government has never properly moved for summary judgment.

As explained above, a motion for reconsideration is limited to requesting that the court reconsider a decision it has already made in a prior order—it is not a vehicle for entirely new requests for relief. As the defense has not moved for summary judgment before, this court will not consider this relief now, for the first time on reconsideration.[5]

---

[5] Nevertheless, note that this court has repeatedly held that genuine issues of material fact exist that must be resolved at trial.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for reconsideration (ECF No. 28) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERD that defendants' motion for reconsideration (ECF No. 32) be, and the same herby is, DENIED.

DATED October 10, 2017.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge