UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARIO ESCOBEDO-GONZALEZ, <br><br> Plaintiff(s), <br><br> v. <br><br> JOHN KERRY, et al., <br><br> Defendant(s). | Case No. 2:15-CV-1687 JCM (PAL) <br><br> **ORDER** |

Presently before the court is plaintiff Mario Escobedo-Gonzalez's ("Escobedo") motion for reconsideration. (ECF No. 58). Defendants Mike Pompeo, United States of America, and U.S. Department of State ("DOS") (collectively "defendants") filed a response. (ECF No. 59).

Also before the court is Escobedo's motion *in limine*. (ECF Nos. 62, 64). Defendants filed a response (ECF No. 65), to which Escobedo replied (ECF No. 66).

Also before the court is defendants' motion for leave to file surreply. (ECF No. 67). Defendants have not filed a response and the time to do so has passed.

**I.  Facts**

This action arises from the DOS denying Escobedo a passport on the grounds that he did not provide sufficient evidence to show that he is a U.S. citizen. (ECF No. 1).

On January 23, 1987, the United States Department of Justice, through the Immigration and Nationalization Service ("INS"), began removal proceedings against Escobedo. (ECF No. 13). The INS argued that Escobedo was born in Mexico and not in Cameron County, Texas, as reported in his birth certificate. (ECF No. 13). The INS supported its claim with evidence showing that the nurse who signed Escobedo's birth certificate was not actually present during his birth. (ECF No. 18-3).

**James C. Mahan**
**U.S. District Judge**

Nevertheless, the immigration judge ruled in favor of Escobedo finding that INS failed to satisfy its burden to prove, by clear and convincing evidence, that he was a deportable foreign national. (ECF No. 18-3). The immigration judge also held, in dicta, that Escobedo had proven that he was a U.S. citizen with "unequivocal evidence." (*Id*.).

After this ruling, Escobedo applied for a passport with the DOS. (ECF No. 13). The DOS approved Escobedo's application and issued him a passport on July 21, 1995. (ECF No. 18-4). Escobedo applied to renew his passport on March 28, 2005, and the DOS issued his renewal on April 13, 2005. (ECF No. 18-4).

On April 7, 2015, Escobedo applied for his second passport renewal. (ECF No. 18-4). On May 7, 2015, the DOS requested Escobedo's certified birth certificate to prove his citizenship because evidence had surfaced that the midwife who signed Escobedo's birth certificate was not present at his birth. (ECF No. 18). Escobedo, through his counsel, responded with a letter and attached the immigration judge's opinion which addressed Escobedo's citizenship status. (ECF No. 18-5). The DOS responded with an additional letter again requesting Escobedo's birth certificate or other documentation to prove that Escobedo was born in the United States, to which Escobedo did not respond. (ECF No. 18-5). Two months later, the DOS denied Escobedo's renewal request because the DOS did not believe that Escobedo had proven his citizenship by a preponderance of the evidence. (ECF No. 18-5).

Escobedo filed the underlying complaint alleging that the DOS's actions in denying his passport renewal violates 8 U.S.C. § 1503 and asks the court to declare under 28 U.S.C § 2201 that Escobedo is a U.S. citizen. (ECF No. 13).

In the instant motions, Escobedo request that the court (1) amend Magistrate Judge Peggy Leen's pretrial order (ECF No. 52), and (2) exclude two Mexican birth certificates. (ECF Nos. 58, 62, 64).

**II.  Legal Standard**

*a.  Reconsideration*

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880

**James C. Mahan**
**U.S. District Judge**

(9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

### b. Leave to file surreply

Local Rule LR 7-2 provides that surreplies "are not permitted without leave of court[.]" LR 7-2(b). "[M]otions for leave to file a surreply are discouraged." *Id.* Courts in this district have held that the "[f]iling of surreplies is highly disfavored, as it typically constitutes a party's improper attempt to have the last word on an issue . . ." *Smith v. United States*, No. 2:13-cv-039-JAD-GWF, 2014 WL 1301357, at *5 (D. Nev. Mar. 28, 2014) (citing *Avery v. Barsky*, No. 3:12-cv-00652-MMD, 2013 WL 1663612 (D. Nev. Apr. 17, 2013)). Only the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed. *See Sims v. Paramount Gold & Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 WL 5364783, at *8 (D. Ariz. 2010) (collecting cases).

### c. Motion in limine

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to

James C. Mahan
U.S. District Judge

- 3 -

exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion."). "[I]n limine rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

"Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-1649-JCM-CWH, 2013 WL 1701069, at *1 (D. Nev. Apr. 18, 2013).

**III. Discussion**

Before the court are several motions. First, the court will grant in part and deny in part Escobedo's motion for reconsideration. Second, the court will grant defendants motion for leave to file surreply. Lastly, the court will deny plaintiff's motion *in limine*.

*a. Reconsideration*

Escobedo argues that the court should (1) strike the affidavit of Alejandra Hernandez from the pre-trial order (ECF No. 52), and (2) hold that the affidavit is inadmissible. (ECF No. 58). Escobedo contends that he co-signed the pretrial order under the erroneous belief that that defendants supplied him with the affidavit. (*Id.*). To date, Escobedo has not seen the document at issue. (*Id.*). Defendants do not object to amending the pretrial order but argue that the court should not exclude the affidavit. (ECF No. 59).

Because the parties agree that the pretrial order should not include the affidavit of Alejandra Hernandez, the court will amend the pretrial order. However, it is premature for the court to determine the admissibility of the affidavit as defendants have yet to provide a copy of the document. Thus, the court will not exclude the affidavit at this time.

### b. *Leave to file surreply*

Defendants request that the court grant leave to file a surreply to Escobedo's reply in support of his motion *in limine*. (ECF No. 67). Here, Escobedo's reply raises numerous new arguments. *See* (ECF Nos. 62, 66). To afford defendants an opportunity to respond to these new arguments, the court will grant defendants' motion to file surreply.

### c. *Motion in limine*

Escobedo moves to exclude documents bates stamped DEF000136-147, which include Escobedo's Mexican birth certificates, because defendants did not disclose these documents prior to the close of discovery. (ECF No. 62). Defendants admit that they untimely produced these documents but argue that their mistake was harmless and, thus, the court should not exclude the documents. (ECF No. 65).

Under Federal Rule of Civil Procedure 37(c)(1), information that a party fails to timely disclose under FRCP 26(a) or (e) is inadmissible "unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). District courts retain wide latitude in their discretion to issue sanctions pursuant to Rule 37(c). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Defendants produced documents bates stamped DEF000136-140 on July 25, 2017, and documents bates stamped DEF00141-147 on April 9, 2018. (ECF Nos. 65, 66). Though these disclosures were well after the close of discovery, they did not subject Escobedo to prejudice or surprise. Escobedo has now had over fourteen (14) months and six (6) months, respectively, to remedy any prejudice that may have resulted from the late disclosures. Further, the information within these documents is substantially similar to the information within the Mexican birth certificates that defendants produced during discovery. *See* (ECF No. 22-2). Thus, because defendants' late disclosures were harmless, the court will not exclude the documents at issue.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Escobedo's motion for reconsideration (ECF No. 58) be, and the same hereby is, GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that defendants' motion for leave to file surreply (ECF No. 67) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Escobedo's motion *in limine* (ECF Nos. 62, 64) be, and the same hereby is, DENIED.

DATED October 3, 2018.

_____
UNITED STATES DISTRICT JUDGE